Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5121 | **DATE** | 3/5/2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. FUNDS IN THE AMOUNT OF $9,000.00 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ibrahim Oyesile's motion to strike portions of the government's 56.1 Statement of Material Facts [20-1] is granted. The United States' motion for summary judgment [14-1] is granted. The government shall submit a proposed final judgment order to chambers by March 9, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR - 7 2001 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 3/5/2001 | |
| SB | courtroom deputy's initials | 01 MAR -6 PM 5:17 | date mailed notice | |
| | | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 00 C 5121 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| FUNDS IN THE AMOUNT OF $9,000.00, | ) ) ) | |
| Defendant. | ) ) | |

DOCKETED
MAR - 7 2001

## MEMORANDUM OPINION AND ORDER

The United States institutes this forfeiture action against defendant funds in the amount of $9,000 ("defendant funds"), pursuant to 21 U.S.C. § 881(a)(6). Ibrahim Oyesile ("Oyesile") claims defendant funds. The United States moves for summary judgment, pursuant to Fed.R.Civ.P. 56(c). Oyesile moves to strike portions of the United States Local Rule 56.1 Statement of Material Facts ("56.1 statement"), pursuant to Local General Rule 12(M) ("Rule 12").[1] Specifically, Oyesile moves to strike all references to tape-recorded conversations.[2]

## BACKGROUND

On January 14, 1998, law enforcement agents arrested Seth Bonsu ("Bonsu") for drug possession. Bonsu told the agents that he had obtained heroin from Oyesile recently and that there was at least 600 grams of heroin at Oyesile's residence, 3825 North Pinegrove Street, condominium unit #404. Agents obtained a warrant and arrested Oyesile in his home on January 14th. Agents

---

[1] Under the current local rules, the text previously cited as Rule 12(m) is now cited as 56.1(a).

[2] The United States failed to appear at the hearing on this motion.

conducted a search and seized a briefcase containing $9,000 in $100 bills. No drugs were found. The agents then locked Oyesile's condominium.

On January 20, 1998, agents received a tip that another target of the FBI's narcotics investigation was attempting to enter Oyesile's residence. Agents were also told that the target had hidden narcotics in Oyesile's residence. After receiving this information, agents obtained another search warrant. On January 21, 1998, Chicago police department canine officers and a dog trained to detect narcotics entered Oyesile's residence. During this second search, officers found an electronic scale in a suitcase and a small plastic baggie containing heroin under loose carpeting.

Bonsu subsequently testified before a grand jury regarding his drug activities and identified Oyesile as a drug supplier. On December 23, 1998, Bonsu wrote a letter to Judge Gettleman of this Court and stated his grand jury testimony was not his own, but was rather a falsified statement written by a federal prosecutor. Bonsu further explained that he was coerced into reading the statement.

All charges against Oyesile eventually were dropped, and he was released from custody in January 1999. Oyesile filed a motion for the return of his property in March 1998. Judge Gettleman denied the motion based on the U.S. Attorney's representation that the United States was planning to sue for forfeiture of the $9,000 found at Oyesile's residence. On August 21, 2000, the United States filed this forfeiture complaint. The United States contends there is probable cause that defendant funds are the proceeds of illegal drug trafficking. Oyesile asserts defendant funds consisted of $5,000 in savings and $4,000 from his sisters, Mufuliat Meshioye and Kolawole Adebayo. Oyesile further asserts he was planning a trip to Nigeria to visit his family and that he and his sisters had saved the money for their family.

# DISCUSSION

## I. Motion to strike

Rule 12(m), now known as Rule 56.1(a), requires the party moving for summary judgment to file, among other items, a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." The required statement is to consist of short numbered paragraphs, including within each paragraph specific cites to the record which supports the facts set forth. *Id.*

The United States' 56.1 statement sets forth numerous facts pertaining to tape-recorded conversations about drug sales. The United States did not attach these tapes to its 56.1 statement.[3] Without the actual tapes for the court to review, there is insufficient support in the record for the statements regarding tape recordings. Failure to attach the tapes is sufficient reason to strike all tape references from the record.

The portions of the 56.1 statement referring to tape recordings should also be stricken because the United States failed to comply with the court's discovery orders. *See* Fed.R.Civ.P. 37. *See also Guzman v. Abbott Laboratories*, 59 F.Supp.2d 747, 754 (N.D. Ill. 1999) (striking exhibits from summary judgment record for failure to comply with discovery orders). On December 14, 2000, the court granted Oyesile's motion to compel discovery.[4] The court ordered the United States to comply by December 18, 2000. The United States did not turn over any tape recordings to Oyesile until January 22, 2001, after the court-ordered deadline and three days after the close of discovery. Furthermore, the United States did not provide Oyesile with a transcript of the tapes. Oyesile

---

[3] Nor did the United States provide a transcript of these tapes.

[4] Oyesile's discovery requests included all relevant documents and tangible items.

3

contends the two tapes he finally received were "unintelligible," and the United States has not challenged this representation. Accordingly, all references to the tape recordings are stricken from the United States' 56.1 statement and exhibits.[4]

## II. Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## III. Forfeiture

Property used to commit a violation of the federal drug laws, including proceeds traceable to drug trafficking, is subject to forfeiture. 21 U.S.C. § 881(a)(6). The party seeking forfeiture has the initial burden of establishing probable cause to believe the property is subject to forfeiture. *United*

---

[4]The following is stricken from the United States' 56.1 statement: (1) paragraphs 2, 5, 10, 12-14, 16, 18, and 22; (2) exhibits 3 and 5; and (3) the portions of the FBI agents' affidavits referring to tape recordings. *See Prudential Ins. Co. of America v. Curt Bullock Builders, Inc.*, 626 F.Supp. 159, 164 (N.D. Ill. 1985) (when admissible facts and inadmissible statements occur in the same affidavit, the court need not strike the entire affidavit).

4

*States v. U.S. Currency Deposited For Active Trade*, 176 F.3d 941, 944 (7th Cir. 1999); *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181, 1187 (7th Cir. 1995). For a probable cause finding, there must be "reasonable ground for the belief of guilt supported by less than prima facie proof but more than mere suspicion." *All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181 at 1188. Courts look at the totality of surrounding circumstances when determining whether probable cause exists. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Hearsay and other inadmissible evidence may be used in establishing probable cause, as long as the evidence bears strong indicia of reliability. *United States v. U.S. Currency Deposited in Account No. 1115000763247 For Active Trade Company*, 176 F.3d 941, 944 (7th Cir. 1999).

Once the government has met its burden of establishing probable cause, "the ultimate burden shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture." *All Assets and Equipment of West Side Building Corp.*, 58 F.3d at 1189. If the claimant cannot rebut the government's proof, the government's showing of probable cause, standing alone, will support a judgment of forfeiture. *Id.*

### A. United States' burden of proof

The initial inquiry in a civil forfeiture action is whether the plaintiff has established probable cause. "Where a defendant's verifiable income cannot possibly account for the level of wealth displayed and where there is strong evidence that the defendant is a drug trafficker, then there is probable cause to believe that the wealth is either a direct product of the illicit activity or that it is traceable to the activity as proceeds." *All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181 at 1189.

The United States has offered strong evidence that Oyesile is a drug trafficker. It is undisputed that heroin was found at Oyesile's place of residence during an extensive search. 56.1 Statement at ¶ 31.[5] Additionally, the United States offered a sworn affidavit from FBI agent Janine Watson stating the following: (1) On December 4, 1997, Bonsu entered the condominium complex and departed a short time later with heroin; *Id.*, Ex. 1 at ¶ 14; (2) On December 11, 1997, Bonsu was observed leaving the condominium complex and later called a cooperating witness to say he had heroin available for purchase; *Id.* at ¶ 16; (3) On December 19, 1997, Bonsu rang the buzzer for unit 405 intending to purchase drugs; *Id.* at ¶ 18; (4) On December 22, 1997, Bonsu took the cooperating witness to unit 405 for a drug purchase and Oyesile opened the door; *Id.* at ¶19; (5) the FBI received information suggesting unit #405 was a drug "stash house;"[6] *Id.* at ¶ 21; and (6) at the time of Bonsu's arrest on January 14, 1998, he told federal agents that Oyesile supplied him with heroin. Testimony from Thomas Wilson, another FBI agent, corroborates Agent Watson's testimony. *Id.*, Ex. 2.

The United States offers evidence to show Oyesile's income cannot account for the $9,000 agents seized from a suitcase at Oyesile's residence on January 14, 1999. During the search, agents also seized tax documents showing Oyesile was a taxi cab driver and earned an income of approximately $12,000 in 1996. 56.1 Statement, Ex. 18. It is reasonable to believe that Oyesile's earnings as a cab driver could not account for defendant funds when the funds amounted to 3/4 of Oyesile's yearly estimated income. Accordingly, the United States has met its burden of establishing probable cause.

---

[5] Oyesile contends the drugs did not belong to him.

[6] A "stash house" is generally a place used for the storing and dispersal of drugs. *See, e.g., U.S. v. $87,118.00 in U.S. Currency*, 95 F.3d 511, 513 (7th Cir. 1996).

6

## B. Oyesile's burden of proof

Oyesile offers several reasons why the United States' evidence does not establish defendant funds were the product of illegal drug activity. First, Oyesile offers evidence to show his house is not a stash house. His house was fully furnished, with a living room and bedroom set, clothes, a television, food, reading material, plants, photographs, wall hangings, tapes, and music. Oyesile's Response to United States' 56.1 Statement ("Oyesile Response"), Ex. 1 at ¶ 10. Oyesile cites *U.S. v. $87,118.00 in U.S. Currency*, 95 F.3d 511, 513 (7th Cir. 1996) for the proposition that stash houses are used only for the storage and dispersal of drugs, not as places of residence. In *$87,118.00 in U.S. Currency*, an FBI agent testified that the defendant's house was a stash house and explained the house had little furniture. *Id.* However, this case does not support a conclusion that sparse furniture is a necessary condition of a stash house. If witnesses with training and experience testify that a residence is a stash house, the statements will typically serve as credible evidence.

Oyesile further contends the fact that the United States dropped the charges against him provides strong evidence defendant funds are not the product of narcotics trafficking. Dismissal of the charges has no probative value under the circumstances presented. Moreover, different standards of proof govern civil forfeiture actions and criminal cases.

Oyesile also offers evidence to show defendant funds were legally obtained. He presents three affidavits suggesting: (1) Oyesile saved $5,000 to give to his family in Nigeria; and (2) his sisters gave him $4,000 to take to their family in Nigeria. Oyesile Response, Ex. 1 at ¶ 14; Ex. 7 and 8. As a way of explaining his ability to save $5,000, Oyesile contends he earned a higher salary in 1997 because he had more time to drive a cab. However, he offers no evidence to support this contention, such as payment stubs, bank statements, or affidavits. Furthermore, he does not disclose his 1997 income.

7

Oyesile also points to the fact that defendant funds are relatively small, and asserts the amount of money typically found to be the product of drug trafficking is greater. *See e.g., U.S. Eighty-seven Thousand Sixty Dollars,* 23 F.3d 1352, 1353 (8th Cir. 1994). However, the value of the funds at issue is not the determinative factor in a forfeiture action. The value cannot be examined independently of the claimant's overall financial situation. *See All Assets and Equipment of West Side Bldg. Corp.,* 58 F.3d 1181 at 1189.

Finally, Oyesile contends the United States' evidence is insufficient because Bonsu later recanted his testimony. He offers evidence to show Bonsu wrote to Judge Gettleman claiming his grand jury testimony was coerced. Oyesile Response, Ex. 2. This contention is unpersuasive for several reasons. First, it is just as reasonable to believe that Bonsu's first story was true. In fact, he was under oath before the grand jury, whereas the letter was not a sworn statement. In addition, there is no evidence Bonsu recanted the incriminating statements he made at the time of his arrest. Finally, Bonsu is not the United States' only witness. FBI agents and cooperating witnesses also gave statements linking Oyesile to drug activity. Read in a light most favorable to Oyesile, a reasonable trier of fact could not find Oyesile has proven by a preponderance of the evidence that defendant funds are not subject to forfeiture. Accordingly, the United States' motion for summary judgment must be granted.

## CONCLUSION

Oyesile's motion to strike portions of the United States' 56.1 statement is granted. The United States' motion for summary judgment is granted.

ENTER:

Suzanne B. Conlon
Suzanne B. Conlon
United States District Judge

March 5, 2001